## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| **GERALD MOCK, Individually and on behalf of similarly situated individuals,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:21-cv-531** |
| | § | |
| **SKORPIOS TECHNOLOGIES INC.** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL PETITION

1.      Defendant, Skorpios Technologies, Inc.  ("Defendant" or "Skorpios"), is a private employer in Austin, Texas.

2.      Skorpios employs and pays Manufacturing Technicians an hourly rate. Although these workers regularly work more than forty (40) hours in a workweek, Defendant does not pay them overtime compensation for all hours worked.

3.      Defendant's "Overtime Reset" policy of moving overtime hours from one week to a preceding week, in order to minimize the amount of overtime, violates the Fair Labor Standards Act ("FLSA").

4.      Defendant violated the FLSA because the starting day of each workweek was not fixed.

5.      Defendant's practice of the changing of the workweek resulted in less overtime paid and evades the overtime provision of the FLSA.

6.      This collective action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these workers, together with attorneys' fees, interest, and costs of these proceedings.

## JURISDICTION & VENUE

7.      This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(1) because Defendant conducts substantial business in this District, sending Plaintiff and FLSA Collective members to perform work in this District while subjecting them to Defendant's improper and illegal payroll practices.

## PARTIES

9.      Plaintiff was employed by Defendant as an hourly employee. Plaintiff is domiciled in Texas and performed work out of Defendant's Austin facility as a Manufacturing Technician.

10.     Gerald Mock's written consent to this action is attached. (Exhibit A).

11.     Defendant Skorpios Technologies, Inc. is a Delaware Foreign For-Profit Corporation doing business in the State of Texas.

12.     Defendant may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 or wherever they may be found.

## FACTS

13.     Skorpios is a company specializing in silicon chips and operates a chip foundry in Austin, Texas.[1]

14.     On October 2, 2017, Skorpios acquired Novati Technology LLC and the foundry operation in Austin, Texas.

15.     After Skorpios acquired the foundry in Austin, Texas, they implemented an policy called "Overtime Reset". Skorpios Technologies, Inc. conducts business within Texas.

---

[1] https://www.skorpiosinc.com/technology/

16.     Defendant's employees routinely handle goods or materials – such as chemical and photoresist light-sensitive polymer from Japan, protective gear, latex gloves, respirator, and shoe covers, that have moved in, or were produced for, interstate commerce.

17.     In each of the past three (3) years, Defendant's gross revenue has exceeded $500,000.

18.     Plaintiff worked for Defendant as a Manufacturing Technician.

19.     Manufacturing Technician, and other similar job positions/titles, operated machinery that fabricated products developed in-house for Skorpios and for the Skorpios's customers.

20.     Defendant paid Plaintiff an hourly rate.

21.     Defendant did not pay an overtime premium for all hours worked in excess of 40 hours per week.

22.     Since October 2017, Plaintiff and other Manufacturing Technicians regularly worked in excess of forty (40) hours per week and were subject to Defendant's pay policies.

23.     Specifically, Defendant avoided paying overtime premiums for hours worked over forty (40) in any given week by implementing an "Overtime Reset" policy that reallocated hours worked over 40 in one workweek to a neighboring workweek with less than 40 hours worked. This resulted in fewer overtime hours in the affected pay period.

24.     Under this policy, Defendant would move overtime hours to the preceding workweek if the Plaintiff and Manufacturing Technician worked less than 40 hours. This was done by changing the beginning of the workweek so that some of the excess overtime would fall in a week where there was no overtime.

25.     All the Manufacturing Technicians were subject to the same payment policy.

26.     Defendant scheduled Plaintiff and Manufacturing Technicians to work 12.5-

hour workdays.

27.    Defendants grouped Plaintiff and Manufacturing Technicians by their regular shift schedules labeled Shift A-D.

28.    Defendants scheduled each shift group to alternate between 3-day workweeks and 4-day workweeks.

29.    Shifts A and B worked the day shift, 6:00 AM to 6:30 PM.

30.    Shift C and D worked the night shift, 6:30 PM to 6:30 AM

31.    Shift A and C were scheduled for (Sunday, Monday, Tuesday), and Shifts B and D were scheduled for ( Thursday, Friday, Saturday.)

32.    Shifts A and C were scheduled to rotate the Wednesday shifts with Shift B and D. This scheduling practice resulted in some weeks where the Plaintiff and the Manufacturing Technicians worked less than 40 hours a week ("short week").

33.    The short week was used to minimize the overtime hours Defendant scheduled for Plaintiff and the Manufacturing Technicians in other weeks.

34.    When the Plaintiff and Manufacturing Technicians had worked a short week followed by a workweek that had overtime hours, the company moved some overtime hours into the short week.

35.    Defendant's "Overtime Reset" policy used this scheduling practice to calculate overtime incorrectly.  In addition to their regular 3 and 4-day workweeks, Defendant also scheduled Plaintiff and Manufacturing Technicians to work extra hours and shifts as needed.

36.    The practice of giving Plaintiff and the Manufacturing Technicians additional work assignments means that they sometimes worked overtime even in the weeks where they were scheduled to work three days.

37.    Defendant's overtime reset policy applied only in the weeks where Plaintiff and

the Manufacturing Technicians worked over 40 hours but had worked less than 40 hours in the previous week.

38.     Plaintiff's primary duties included receiving assignments and guidelines from Skorpios engineers and operating a chip fabrication machine.

39.     There were numerous fabrication machines that were operated by Manufacturing Technicians in four shifts. Over the past three (3) years, Defendant employed dozens of individuals – including Plaintiff – as "Manufacturing Technician, in Texas.

40.     Defendant paid/pay the FLSA Collective members an hourly rate and did not pay them an overtime premium for some hours worked in excess of 40.

41.     While the precise job duties of the Manufacturing Technicians may vary somewhat, any variations do not impact their entitlement to overtime for all hours worked in excess of forty (40) in a workweek.

42.     When Plaintiff and Manufacturing Technicians worked over 40 hours a week, Defendant moves hours worked from one workweek to a different workweek that is a short week. This company-wide practice resulted in fewer overtime hours paid to Plaintiff and Manufacturing Technicians.

43.     While Defendant did pay Plaintiff and Manufacturing Technicians for some hours worked up to and in addition to the 40 hours worked, they failed to pay for all of the hours worked, based upon the practice of moving overtime hours to a to the preceding week if Plaintiff or Manufacturing Technicians worked less than 40 hours that week.

44.      All of Defendant's hourly workers perform manual labor in support of Defendant's development and manufacturing business.

45.     All of Defendant's hourly workers are entitled to overtime pay.

46.    Defendant knows their workers regularly work more than forty (40) hours in a workweek.

47.    Defendant knows their hourly workers are not exempt from the overtime provisions of the FLSA.

48.    Nonetheless, Defendant did not (and does not) pay its hourly workers for all overtime for hours worked in excess of forty (40) in a workweek.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

49.    Plaintiff brings this claim under Section 216(b) of the FLSA as a collective action.

50.    The same policy that caused Plaintiff to be denied his overtime pay caused Defendant's other hourly workers to be denied their overtime pay.

51.    While the precise job duties performed by the FLSA Collective members might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

52.    Nor do any differences in job duties matter for determining whether Defendant's policy of not paying hourly workers for all overtime is legal.

53.    The members of the FLSA Collective are all entitled to overtime pay for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

54.    Because Defendant uniformly failed to pay overtime to all hourly workers, Plaintiff and the FLSA Collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

55.    Upon information and belief, Defendant employed numerous Manufacturing Technicians like Plaintiff during the past three (3) years.

56.     Nearly all of the questions related to Plaintiff and the FLSA Collective can be answered on a collective basis.

57.     Defendant's practice of moving overtime hours into different workweeks or changing the start of some workweeks is based on established companywide policies.

58.     Defendant's payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the FLSA Collective.

59.     The most important questions presented in this case can be resolved on a collective-wide basis.

60.     Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

61.     Furthermore, individual litigation would be unduly burdensome to the judicial system.

62.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

## COLLECTIVE DEFINITION

63.     Plaintiff brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

All Manufacturing Technicians employed by Skorpios Technologies, Inc. who, within the last three (3) years.

## VIOLATION OF THE FLSA

64.     Plaintiff incorporates the proceeding paragraphs by reference.

65.     At all relevant times, Defendant has been employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

66.    Defendant employed Plaintiff and each member of the FLSA Collective.

67.    Defendant's pay policy denied Plaintiff and the FLSA Collective overtime compensation as required by the FLSA.

68.    Defendant's failure to pay Plaintiff and the FLSA Collective overtime at rates not less than one and one-half times their regular rates violates 29 U.S.C. § 207.

69.    Defendant's conduct, as described herein, was in willful violation of the FLSA.

70.    Due to Defendant's FLSA violations, Lawrence and the FLSA Collective are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## PRAYER

**WHEREFORE**, Plaintiff prays for relief as follows:

71.    An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective to permit them to join this action by filing a written notice of consent;

72.    Judgment against Defendant, Skorpios Technologies, Inc., awarding Plaintiff and the other FLSA Collective members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

73.    Pre- and post-judgment interest at the highest rate allowable by law; and

74.    All such other and further relief to which Plaintiff and the other FLSA Collective may show themselves to be justly entitled.

14

Respectfully submitted,

**TRAN LAW FIRM**

TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Suite 104
Houston, Texas 77063
Phone: (713) 223 – 8855
Fax: (832) 827 - 3192
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF,
individually and on behalf of similarly
situated individuals**